AMIN WASSERMAN GURNANI LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Cole Kroshus, Bar No. 345790
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
wcole@awglaw.com
morr@awglaw.com
ckroshus@awglaw.com

Attorney for Defendant Gruns Nutrition, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRUNS NUTRITION, INC., a Delaware corporation, d/b/a www.gruns.co,<br><br>Defendant. | State Case: 30-2025-01523946-CU-MT-CXC<br><br>**DEFENDANT GRUNS NUTRITION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND (d), 1441, 1453, AND 1446** |

**PLEASE TAKE NOTICE** that Defendant Gruns Nutrition, Inc. ("Gruns") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. Gruns is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332(a) and

- 1 -

DEFENDANT GRUNS NUTRITION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1332(a) AND (d), 1441, 1453, AND 1446

(d), 1441, 1453, and 1446 based on the following:

**State Court Action**

1.      On November 4, 2025, Plaintiff Monica Sanchez ("Plaintiff" or "Sanchez") commenced this action in the Superior Court of the State of California in and for the County of Orange, captioned *Monica Sanchez, individually and on behalf of all others similarly situated v. Gruns Nutrition, Inc., a Delaware corporation, d/b/a/ WWW.GRUNS.CO.*, Case No. 30-2025-01523946-CU-MT-CXC (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Sanchez served the Complaint on Gruns on November 19, 2025.

2.      Sanchez's Complaint alleges conclusory assertions that the Gruns' subscription service violates California requirements for disclosures related to "automatic renewal" services. (*E.g.* Compl. ¶ 16) Sanchez seeks to certify a class of all individuals who purchased Gruns' products through the subscription service while in California. (*Id.* ¶ 34.) She brings a claim for damages under the California Consumers Legal Remedies Act (CLRA). (*Id.* ¶¶ 33–47.) Sanchez also seeks restitution under both California's False Advertising Law (FAL); and California's Unfair Competition Law (UCL).

3.      In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Gruns in the State Court Action or found on the docket in that action are attached hereto.

   a.      The Complaint is attached hereto as **Exhibit 1**;

   b.      The Summons is attached hereto as **Exhibit 2**;

   c.      The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

   d.      The Alternative Dispute Resolution Package is attached hereto as **Exhibit 4**; and

   e.      A copy of the docket in the State Court Action is attached hereto as **Exhibit 5**.

4.      This removal is timely as required by 28 U.S.C. § 1446(b), as it is brought within thirty (30) days of November 19, 2025.

- 2 -

DEFENDANT GRUNS NUTRITION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND (d), 1441, 1453, AND 1446

## SUBJECT MATTER JURISDICTION

5.       The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) and under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). Further, the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Orange County, California). *See* 28 U.S.C. § 84(c)(3) (setting Orange County in the Central District); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

### The Action Is Removable Under Diversity Jurisdiction,
### 28 U.S.C. § 1332(a)(1)

6.       This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

### *The Parties Are Citizens of Different States*

7.       An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

8.       Sanchez is a citizen and resident of California. (Compl. ¶ 3.)

9.       Gruns is a corporation incorporated in Delaware and has its principal place of business in Texas. A corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Gruns is, thus, a citizen of Delaware and Texas and is not a citizen of California for purposes of determining diversity.

10.       Complete diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

11.       Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in

- 3 -

controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

12. For purposes of removal only, and without conceding Sanchez is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the 'amount at stake in the underlying litigation'") (citation omitted); *Woods v. CVS Pharmacy, Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citation omitted). At least $75,000 is at stake in this litigation as independently established through the following elements:

a. *Attorneys' Fees: > $75,000.* The Complaint seeks attorneys' fees. (Compl. at p. 21.) In the Ninth Circuit, the amount in controversy includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Under the CLRA, "[t]he court shall award court costs and attorneys' fees to a prevailing plaintiff in litigation." Cal. Civ. Code § 1780(e). A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020). Sanchez's attorneys sought attorneys' fees in an individual action under California statutes at an hourly rate of $750 in 2018. *Martin v. Servicemaster Co.*, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (using the hourly rate to determine amount in controversy met); *see also Kissel v. Code 42 Software Inc.*, 2018 WL 6113078, at *5 (C.D. Cal. Feb. 20, 2018) (awarding

- 4 -

DEFENDANT GRUNS NUTRITION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND (d), 1441, 1453, AND 1446

fees at a rate of $750 to Plaintiff's counsel, Pacific Trial Attorneys, as part of a final settlement of class action claims involving the same "automatic renewal" allegations raised here). Sanchez's attorney would seek well in excess of **$75,000** in fees in connection with Plaintiff's individual claims—for this amount counsel need bill only about 100 hours. In cases involving similar claims about "automatic renewal" claims, Pacific Trial Attorneys logged 159 hours at the time of settlement, a case where there had not been any summary judgment briefing nor had a trial occurred. *See Kissel*, 2018 WL 6113078, at *2, *5. Given that Sanchez's counsel has already likely conducted due diligence, drafting and serving of the complaint, and that this litigation, should it proceed past the pleadings, discovery and motions practice will likely require Sanchez's counsel to expend more than 100 hours on this case. Thus, Sanchez's demand for attorneys' fees alone establishes that the amount in controversy exceeds $75,000.

Sanchez's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000 as claims for attorneys' fees alone will exceed $75,000.

### The Action Also Satisfies the Requirements for CAFA Jurisdiction

13. This Court has original jurisdiction under CAFA, codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because this lawsuit is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

### *Plaintiff's complaint is styled as a putative class action with a proposed class of not less than 100 members*

14. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals. (Compl. ¶ 36.)

- 5 -

DEFENDANT GRUNS NUTRITION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND (d), 1441, 1453, AND 1446

15.    CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action." (Compl. caption.) Plaintiff alleges that "[a] class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable." (Compl. ¶ 40.) Thus, this action qualifies as a class action under CAFA.

### *The Amount in Controversy Exceeds $5 Million*

16.    "To meet CAFA's amount-in-controversy requirement," a defendant need only "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability." *Id.* Among other items, "the amount in controversy includes damages (compensatory, punitive, or otherwise) . . . , and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

17.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969); *Lara v. Trimac Transp. Svcs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal. Aug. 6, 2010).

18.    Defendant may assume a recovery rate of 100% in calculating the amount in controversy. *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025,

- 6 -

1030 (C.D. Cal. 2017).

19.    Where the Complaint does not state the amount in controversy, the defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene*, 965 F.3d at 772. No antiremoval presumption attends cases invoking CAFA. *Greene*, 965 F.3d at 772.

20.    While Defendant contests any liability on Plaintiff's claims, Plaintiff's class claims place in controversy an amount more than $5,000,000. Plaintiff alleges that she and the putative class members (in a putative California-wide class), among other things, are entitled to recover from Defendant "all monies paid by Plaintiff" and the putative class members. (Compl. ¶¶ 61, 67; *see also id.* at Prayer for Relief, ¶ viii.). The applicable statute of limitations for a UCL claim is four years, Cal. Bus. & Prof. Code § 17208, and Plaintiff seeks to certify a class including all consumers who fall "within the statute of limitations period" (Compl. ¶ 34). Total sales attributed to subscription services offered by Gruns during the relevant statute of limitations period in California exceeded $5,000,000 ending November 4, 2025. Furthermore, the Complaint alleges a class of undefined (open-ended) duration and alleges that Defendant's allegedly wrongful practices are ongoing (Compl. ¶ 33). Class periods commonly extend to the date of class certification. *See, e.g. Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359, 2022 WL 658105, at *3 (E.D. Cal. 2022); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009). As noted, Plaintiff also seeks punitive damages on behalf of the putative class. In a case involving a claim for punitive damages under the CLRA, such as this case, it is reasonable to assume that a punitive damages-to-compensatory damages ratio of 1:1 or higher is at stake. *Greene*, 965 F.3d at 772. Plaintiff's damages claim (monies paid to Gruns plus punitive damages) conservatively total more than $5,000,000.

21.    Plaintiff and her putative class also seek to recover attorneys' fees, which are available by statute under the CLRA. Compl., Prayer, ¶ e. "[A] court must include future

attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "[T]he Ninth Circuit has established 25% as a benchmark award for attorneys' fees" in class actions. *Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019); *accord Austin v. Foodliner, Inc.*, No. 16-CV- 07185-HSG, 2019 WL 2077851, at *6 (N.D. Cal. May 10, 2019). Attorneys' fees, together with Plaintiff's damages claim easily places in controversy an amount that exceeds $5,000,000.

22.     While Defendant denies it has any liability to Plaintiff or to the putative class, and denies that action will satisfy the requirements for class certification under Fed. R. Civ. P. 23, the amount in controversy is not a merits issue. In light of the damages, restitution, punitive damages, and attorneys' fees, the Complaint puts an amount in controversy in excess of $5,000,000.

### *Minimal Diversity Exists*

23.     CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. As discussed above, Plaintiff alleges that she is a citizen of California, and Defendant is corporation organized under the laws of Delaware with its principal place of business in Texas. *See supra* ¶¶ 8-9. Thus, there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

### *Exceptions to CAFA Removal Do Not Apply*

24.     This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), (9) or 28 U.S.C. § 1453(d).

25.     Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed…" Here, Plaintiffs allegations establish that this exception does not apply. Because Plaintiff alleges a California-only class, greater than two-thirds of the members of the proposed class are citizens of California. Defendant is not

a citizen of California. Therefore, this exclusion does not apply.

26. 28 U.S.C. § 1332(d)(4)(A) requires a district court to decline jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed…[and] at least 1 defendant is a defendant…who is a citizen of the State in which the action was originally filed…" Similarly, § 1332(d)(4)(B) requires a district court to decline jurisdiction where "two-thirds or more of the members of all proposed classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." Here, Defendant is not a citizen of California. Therefore, neither of these exceptions apply.

27. This action does not fall within any of the other categorical exceptions under CAFA. *See* 28 U.S.C. § 1332(d)(9)(A), (B), and (C) (making exceptions for an action (1) "concerning a covered security"; (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise"; (3) "that relates to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any security…"); *see also* 28 U.S.C. § 1453(d) (same).

**Gruns Satisfies the Requirements of 28 U.S.C. § 1446**

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. This Notice of Removal has been filed within 30 days after Sanchez served the Complaint on Gruns' registered agent on November 19, 2025. *See* 28 U.S.C. § 1446(b)(1).

30. Concurrently with the filing of this Notice, Gruns is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Orange. *See* 28 U.S.C. § 1446(d).

31. Gruns does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

- 9 -

# CONCLUSIONS AND DEMAND FOR JURY TRIAL

32.    For the foregoing reasons, Defendant hereby removes this case from the Superior Court of the State of California for the County of Orange to this United States District Court.

33.    Defendant hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues subject to a jury trial raised in the Complaint

Dated:  December 19, 2025                    **AMIN WASSERMAN GURNANI LLP**


**/s/ *William P. Cole***
          William P. Cole
          *Attorneys for Defendant*

- 10 -